In re Lavera BURNS, Debtor.

LEISURE DEVELOPMENT, INC., Plaintiff/Appellee,

v.

Lavera BURNS Defendant/Appellant.

BEVERLY HILLS SAVINGS, Plaintiff/Appellee,

v.

Lavera BURNS Defendant/Appellant.

Frank G. SWEENEY, receiver for Village Park Townhomes, Ltd., Plaintiff/Appellee,

v.

Lavera BURNS Defendant/Appellant.

BAP Nos. CC 88–1601, CC 88–1603 and CC 88–1604.

Bankruptcy No. SA 87–05559 JR.

Adv. Nos. SA 87–0763 JR, SA 87–0764 JR and 87–0762 JR.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted without oral argument on March 7, 1989.

Decided Aug. 2, 1989.

Before MOOREMAN, JONES and
PERRIS, Bankruptcy Judges.

## OPINION

MOOREMAN, Bankruptcy Judge:

The Debtor appeals the bankruptcy court's orders denying three separate motions to dismiss the appellees' nondischargeability complaints and complaints objecting to discharge.[1] We affirm.

## FACTS

On September 10, 1987, the Debtor LaVera Burns ("Debtor") filed a voluntary Chapter 7 petition. On September 16,

---

**1.** The debtor has filed a separate appeal from each of the bankruptcy court's orders denying the motions to dismiss. As each of the appeals involve the same issue, this Panel hereby consolidates the separate appeals for purposes of this disposition.

1987, the bankruptcy court clerk issued an order setting the first meeting of creditors for October 20, 1987. Additionally, the order included a notice to all creditors setting the last date to file complaints seeking nondischargeability of claims ("the bar date"), for December 21, 1987. Since the sixtieth day following October 20th fell on Saturday, December 19th, the bankruptcy clerk, set the bar date for the following Monday, December 21, 1987.

On December 21, 1987, the appellees, Leisure Development Inc., Frank G. Sweeney, and Beverly Hills Savings filed nondischargeability complaints pursuant to 11 U.S.C. § 523(c) and complaints objecting to the discharge under 11 U.S.C. § 727. The Debtor answered the Complaint on January 20, 1988, and asserted no affirmative defense at that time. Three months after the passing of the bar date, the Debtor filed a motion to dismiss the appellees' complaints arguing that pursuant to Bankruptcy Rules (hereinafter "Rules") 4007(c) and 4004(a) the actual 60 days allowed to file nondischargeability complaints and complaints objecting to discharge ended on Saturday, December 19, 1987. Additionally, the Debtor argued that Rule 9006(a) does not extend the time to file such complaints.

The bankruptcy court denied the Debtor's motion and determined that the computation of time prescribed in Bankruptcy Rule 9006(a) does apply to the time limits set in Rules 4004(a) and 4007(c). Accordingly, the court concluded that the correct bar date was December 21, 1987, and denied the Debtor's motions to dismiss the underlying complaints.

## DISCUSSION

■ The Debtor in this case contends that Rule 9006(a) does not apply to the calculation of time in determining the bar date as set forth in Rules 4004(a) and 4007(c).[2] In support of this argument, the

---

**2.** Bankruptcy Rule 9006(a) provides in that when computing any time period prescribed by the Rules, "[t]he last day of the period so computed shall be included, *unless it is a Saturday, a Sunday, or a legal holiday,* ... in which event the period runs until the end of the next day

Debtor essentially relies on the rationale of the Sixth Circuit's opinion in *In re Butcher*, 829 F.2d 596 (6th Cir.1987). The *Butcher* case involved a trustee who sought to avoid alleged preferential and fraudulent transfers pursuant to 11 U.S.C. § 547 and § 548(a). Section 546 specifically states that the trustee has two years after the date appointed in which to file a complaint under § 547 and § 548. In determining that Rule 9006(a) does not apply to the two year "statute of limitations" set forth in § 546, the Sixth Circuit relied on the distinction between procedural matters and those effecting substantive rights. *Id* at 599–601.

The present case is distinguishable from the *Butcher* case in that the Ninth Circuit has specifically held that the time limitation under Rule 4007(c) involves a "procedural matter" and does not amount to a "statute of limitations." *In re Hill*, 811 F.2d 484, 487 (9th Cir.1987). Since Rule 4007(c) and 4004(a) are "procedural" in nature, the time limits set forth therein are specifically governed by the Bankruptcy Rules.[3]

Further support for applying Rule 9006(a) to the time limitations of Rules 4004(a) and 4007(c), can be found in the Ninth Circuit case of *In re Victoria Station Inc.*, 840 F.2d 682 (9th Cir.1988). The *Victoria Station* case involved a situation where the sixty days allowed to assume or reject executory leases under § 365 ended on a Saturday. The Ninth Circuit determined that Rule 9006(a) was applicable in calculating the sixty days and thereby concluded that the motion to accept the lease was timely filed on the Monday following the sixtieth day. *Id.* at 684; *See also In re Sibley*, 71 B.R. 147 (D. Mass.1987).

▮ Given the express application of Rule 9006(a) to all time periods prescribed in the Rules and the Ninth Circuit's recent application of Rule 9006(a) to a similar time

period under § 365 of the Bankruptcy Code, this Panel concludes that the bankruptcy court correctly applied Rule 9006(a) to the determination of the sixty day time period established in Rules 4004(a) and 4007(c). Accordingly, the appellees' complaints filed on Monday, December 21, 1987, were timely.[4]

For the foregoing reasons, the bankruptcy court's order denying the Debtor's motions to dismiss the underlying complaints is AFFIRMED.

which is not one of the aforementioned days." (pertinent portion, emphasis added.)

3. Bankruptcy Rule 9006(a) specifically provides that it shall be applied "[i]n computing *any* period of time prescribed or allowed by these rules...." (emphasis added).

4. Even assuming that Rule 9006(a) does not apply to the calculation of time under Rules 4004(a) and 4007(c), there is sufficient authority to support the appellees' reliance on the notice sent out by the bankruptcy court clerk. *See In re Price*, 79 B.R. 888, 890 (9th Cir. BAP 1987) (and cases cited therein), *aff'd*, 871 F.2d 97 (9th Cir.1989).