**In re Jon Paul PEACOCK, Debtor.**

**Rosemary O'SHAUGHNESSY, Plaintiff,**

**v.**

**Jon Paul PEACOCK, Defendant.**

**Bankruptcy No. 90–578–BKC–3P7.
Adv. No. 91–6.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

July 15, 1991.

Michael S. May, Deland, Fla., for defendant.

William K. Thames, II, Jacksonville, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon the Motion to Dismiss filed by defendant. Argument on the motion was heard on May 1, 1991, and, the Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

On February 16, 1990, defendant filed a chapter seven petition for relief and was granted a discharge on June 6, 1990.

Defendant subsequently amended his schedules to add plaintiff as a creditor. Accordingly, the clerk's office sent notice to plaintiff advising her of the bankruptcy filing and giving her through January 6, 1991, (a Sunday) to file a complaint objecting to discharge or to except a debt from discharge.

Plaintiff filed a complaint on January 7, 1991, seeking an exception to the discharge and requesting that the discharge be revoked.

Defendant then filed the Motion to Dismiss arguing that the complaint was untimely filed.

The issue before the Court is whether the bar date for filing a complaint seeking this relief is in the nature of a statute of limitations or whether it may be altered by the rules regarding computation of time periods.

### Conclusions of Law

■ Bankruptcy Rule 5001 provides that "The courts shall be deemed always open for the purpose of filing any pleading or other proper paper, issuing and returning process, and filing, making, or entering motions, orders and rules." Thus, the Court notes that the clerk and the court are always available to accept filings, even at their homes.

■ The time for filing an exception to discharge complaint is governed by Bankruptcy Rule 4007(c) which reads:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later that 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Bankruptcy Rule 9006(a) provides standards for computing time periods and 9006(b), under some circumstances, grants the bankruptcy court discretion to extend these periods where the court finds excusable neglect. However, the rule also states that a court may only enlarge a 4007(c)

time period "to the extent and under the conditions stated in [that] rule." B.R. 9006(b).

The Eleventh Circuit addressed the use of Rule 9006(b)(1) to extend the bar date for filing a proof of claim in *In re Analytical Systems, Inc.*, 933 F.2d 939 (11th Cir.1991). The court interpreted the excusable neglect standard for granting an extension as requiring the performing person to establish that their failure to act was due to circumstances beyond their reasonable control. *Id.* at 942. *See also In re Gem Rail Corp.*, 12 B.R. 929, 931 (Bankr. E.D.Pa.1981). In addition the court noted that this standard could not be bypassed by relying on general principles of equity. *In re Analytical Systems, Inc.*, at 942.

The Court then concluded that a breach of the confidential marital relationship between husband and wife was not sufficient to constitute excusable neglect. *Id.* at 943. Thus the Eleventh Circuit has demonstrated an unwillingness to utilize Rule 9006 to extend bar dates absent a clear showing of inability to meet the original deadline.

In *In re Cintron*, 101 B.R. 785, 786 (Bankr.M.D.Fla.1989), this Court refused to enlarge the 4007(c) deadline by the terms of Bankruptcy Rule 9024 which makes F.R.Civ.P. 60 applicable to bankruptcy cases except under limited circumstances. The relevant portions of F.R.Civ.P. 60(b) considered by the *Cintron* court provided:

(b) On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . .

In concluding that rule 9024 was inapplicable to a § 523 complaint this Court stated that

Instead, the filing of a complaint seeking an exception to discharge is governed *exclusively* by Rules 4007(c) and 9006(b). The time period mandated by these rules is more akin to a *statute of limitations*, and the person having the right to act is

barred by the failure to do so within the prescribed period. To hold otherwise would inject uncertainty and confusion into the case and is contrary to the policy of providing finality in bankruptcy proceedings. (emphasis added)

This Court also refused to extend the exception to discharge deadline in *In re Duncan (Centrust Savings Bank v. Duncan)*, 86 B.R. 288 (Bankr.M.D.Fla.1988). The plaintiff Bank argued that the deadline should be extended three days under Bankruptcy Rule 9006(f) because the notice was served by mail. Noting that 4007(c) imposes a "clear and unequivocal deadline", the Court concluded that the complaint, filed one day after the established time period, was untimely filed.

Accordingly, the time period established by 4007(c) is in the nature of a statute of limitations and 9006(a) does not apply. Consequently, the portion of plaintiff's complaint seeking to except its debt from defendant's discharge, filed one day after the court ordered deadline, was untimely filed.

The Motion to Dismiss is also directed to that part of the complaint that contains a request for relief based on § 727(d). Under § 727(e) a creditor may request a revocation of a discharge under § 727(d)(1) within one year after the discharge is granted. The defendant's discharge was granted on June 6, 1990, and the complaint was filed January 7, 1991, less than one year later. Thus that portion of the complaint was timely filed.

In accordance with these Findings of Facts and Conclusions of Law, the motion to dismiss is granted as to the exception to discharge and denied as to the revocation portion of the complaint. A separate Order will be entered.