**In re ASHER DEVELOPMENT III, INC., Debtor.**

**Kay CLEMENTS, Appellant,**

**v.**

**FIRST MARYLAND SAVINGS AND LOAN, Appellee.**

Civ. A. No. 91–K–1453.
Bankruptcy No. 87 B 5473 M.

United States District Court,
D. Colorado.

Aug. 13, 1992.

Curt Todd, Haligman & Lottner, Englewood, Colo., for appellant.

Leo M. Weiss, Denver, Colo., trustee.

## MEMORANDUM ORDER

KANE, Senior District Judge.

This matter comes before me on the trustee's motions to reconsider my order of July 27, 1992, and to file a memorandum brief in support of the motion. The order of July 27 dismissed the trustee's appeal because she had failed to file timely her notice of appeal. I deny both the motion for reconsideration and the motion to file a brief.

The trustee's motion for reconsideration is pithy and to the point. She claims that she filed her notice of appeal "by delivering it to the home of the Clerk of the Court, Bradford Bolton." She provides no other supporting allegations, affidavits or facts. My own review of the file suggests that the trustee left an envelope containing the notice of appeal at Mr. Bolton's home in his mailbox. Mr. Bolton, however, was on vacation until August 19, 1991. Someone apparently discovered the envelope on August 16, 1991 and eventually carried it to the bankruptcy court.

There, an appellate docketing clerk asked Judge Cordova to review the circumstances surrounding the filing of the notice of appeal to determine an appropriate filing date. He ordered the clerk to stamp and file it as of August 19, 1992. Although none of these facts were ever formally developed through an adversary hearing, I accept them as true for purposes of the motion to reconsider. I also accept as true the trustee's allegation that she delivered the notice of appeal to Mr. Bolton's residence sometime on August 12, 1991. Nonetheless, I deny the motion to reconsider because I continue to find that the trustee did not timely file her notice of appeal.

Fed.R.Bank.R. 5001 provides that "[t]he courts shall be deemed always open for the purposes of filing any pleading or other proper paper, issuing and returning process, and filing, making, or entering motions, orders and rules." Under rule 5005, filing is accomplished by filing *with the clerk* in the district where the case is pending. *Freeman v. Giacomo Costa Fu Andrea,* 282 F.Supp. 525 (E.D.Pa.1968) (complaint for damages deemed filed at 12:15 P.M. when counsel arrived at courthouse, even though time-stamped at 1:00 P.M.). Although there is no explicit local bankruptcy rule on point, custom allows an attorney to make prior arrangements to file tardy pleadings with the clerk of a court at a convenient location outside of

normal business hours. *See In re Peacock,* 129 B.R. 290, 291 (Bankr.M.D. Fla.1991) ("the court notes that the clerk and the court are always available to accept filings, even at their homes."); *Cf.,* D.C.Colo.LR. 100 (now found as rule 77.1): "When good cause is shown, the clerk may permit the filing of pleadings ... at locations other than official courthouses within the district."

These rules are flexible and allow parties and attorneys considerable latitude in meeting time deadlines. The rules are not so flexible as to permit the kind of disdain and disregard for procedural niceties as evidenced here. The trustee never sought nor obtained the Bankruptcy Court Clerk's permission to make a filing at the clerk's residence or in his mailbox. Without the clerk's permission and consent, the trustee did not accomplish filing at any time until August 19, 1991. I thus conclude that in this case procedural informality has merged into and become a defect in substance, requiring me to deny the motion to reconsider. *See Freeman,* 282 F.Supp. at 527.

The motion for reconsideration and the motion to file a memorandum brief are accordingly denied.

DATED at Denver, Colorado this 13th day of August, 1992.