In the Matter of Gregory B. LITTLE, Debtor.

Paul J. ST. PIERRE, Plaintiff,

v.

Gregory B. LITTLE, Defendant.

Bankruptcy No. 91–11486–JAB.
Adv. No. 91–1349.

United States Bankruptcy Court,
E.D. Louisiana.

Nov. 17, 1993.

Robyn J. Spalter, New Orleans, LA, for Gregory B. Little.

A.J. Capritto, New Orleans, LA, for plaintiff.

J. Housan Fenner, III, Preis & Crawford, Baton Rouge, LA.

### MEMORANDUM OPINION

JERRY A. BROWN, Bankruptcy Judge.

This matter came before the Court on November 3, 1993 on the debtor's motion to dismiss the complaint filed by Paul J. St. Pierre ("St. Pierre") as untimely. (Pl. 35). The matter was taken under advisement at the hearing. Considering the record, the memoranda, and the applicable law, the motion is **DENIED**.

### I. FACTS

The debtor filed for protection under Chapter 7 of the Bankruptcy Code on April 15, 1991. On or about May 1, 1991, the Clerk's Office sent out notices setting May 21, 1991 as the date for the meeting of creditors pursuant to 11 U.S.C. § 341(a). (Pl. 36, Debtor's Memorandum in Support of Motion to Dismiss, Ex. A). The notice sent by the Clerk's Office also set a deadline of July 22, 1991 for the filing of discharge or dischargeability complaints under 11 U.S.C. § 727 and Section 523. (*Id.*) The debtor did not attend the creditors meeting on May 21, 1991.

The debtor sought to have the Section 341 meeting rescheduled, and contacted the United States Trustee's Office to do so. The debtor's first request to reschedule the creditors meeting was filed with the U.S. Trustee's office on May 21, 1991. (Bankruptcy No. 91–11486, Pl. 5). Diana L. Rachal, on behalf of the U.S. Trustee, disapproved this request, noting: "insufficient documentation and reasons". (*Id.*) Following this disap-

proval, the debtor filed an "ex parte motion to reset section 341 meeting of creditors following disapproval by Office of U.S. Trustee and to extend bar date for filing complaints" on May 30, 1991. (the "first motion to reset") (Bankruptcy No. 91–11486, Pl. 6). The Office of the U.S. Trustee opposed the motion. At the hearing on the debtor's motion held on July 25, 1991, the Court ordered the debtor to file affidavits stating the reasons for his non-appearance, and upon receipt thereof, the U.S. Trustee was to reset the Section 341 meeting. (Bankruptcy No. 91–11486, Pl. 10). The memorandum to record issued after the hearing does not state what action, if any, was taken on the request to extend bar date.

Subsequently, the debtor notified the U.S. Trustee that he had jury duty on May 21, 1991. (Pl. 36, Ex. A to Ex. C). On September 4, 1991, the U.S. Trustee's Office "conditionally approved" the rescheduling of the creditors meeting, subject to the following conditions:

(1) the debtor was to provide telephonic notice to all creditors, the case trustee, and parties in interest that the meeting was to be reset and written notice of the rescheduled date would be sent;

(2) the debtor was to file an affidavit in the record of the case stating that the parties had been contacted as required; and

(3) prior to the rescheduled 341 meeting, the debtor was to file an ex parte motion and order requesting that the bar date for filing complaints under Section 523(c) and Section 727 and/or objections under Bankruptcy Rule 4003(b) be extended for sixty and thirty days, respectively, following the date the debtor attended a 341 meeting.

(Pl. 36, Ex. B).

In compliance with the conditional approval, on August 26, 1991, the debtor filed a second "ex parte motion to reset section 341 meeting of creditors and to extend bar date for filing complaints". (the "second motion to reset") (Bankruptcy No. 91–11486, Pl. 11).

The Bankruptcy Court's order granting the second motion to reset was signed on September 6, 1991, and stated:

IT IS ORDERED that the bar date for filing complaints under Section 523(c)/Section 727 and/or objections under Bankruptcy Rule 4003(b) be extended for sixty (60) and thirty (30) days respectively following the date the debtor attends the Section 341(a) meeting of creditors, as evidenced by a filed trustee's Section 341 proceeding memo.

(the "Order of September 6, 1991") (Pl. 36, Ex. D).

The debtor attended a rescheduled Section 341 meeting on October 15, 1991. (Pl. 36, Ex. E). Sixty days from the date of the rescheduled Section 341 meeting fell on December 14, 1991, a Saturday. St. Pierre filed his complaint excepting to the discharge of a debt under Section 523(a)(2)(A) on Monday, December 16, 1991.

## II. ANALYSIS

A. *Did the Order of September 16, 1991 extend the time period for filing dischargeability complaints until December 14, 1991?*

 To determine the dischargeability of a debt under Section 523, a creditor must follow the process set forth in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure. *In re Ichinose*, 946 F.2d 1169, 1172 (5th Cir.1991). Rule 4007(c) states:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

The debtor asserts that the pending adversary complaint was not timely filed under Rule 4007(c) because it was not filed by July 22, 1991, sixty days after the first date set

for the creditors meeting. The debtor contends that the second motion to reset was filed after the bar date had already expired, and therefore, pursuant to Rule 4007(c), the bar date could not be extended. St. Pierre argues in response that the terms of the Order of September 6, 1991 extended the period for filing his complaint until sixty days after the debtor attended a Section 341 creditors meeting. Therefore, St. Pierre contends that because the debtor attended a creditors meeting on October 15, 1991, the deadline was extended until December 14, 1991.

Initially, the Court questions whether the bar date had even expired prior to the filing of the second motion to reset, as asserted by the debtor. The first motion to reset was filed within the sixty day period provided by Rule 4007(c). Because the Court did not specifically address the request for extension of the bar date in the hearing on the first motion to reset, the request arguably remained outstanding until the Order of September 6, 1991 was entered. Therefore, based upon the sequence of events, including the two motions to reset filed by the debtor, it is arguable that the time period provided by Rule 4007(c) had not even expired prior to the Order of September 6, 1991.

Even assuming, however, that the bar date had expired prior to the Order of September 6, 1991, the debtor's position still lacks merit. Citing *In re Ichinose,* 946 F.2d 1169, 1172 (5th Cir.1991), the debtor contends that the Fifth Circuit has determined that dischargeability complaints must be filed no later than sixty days following the first date set for the meeting of creditors. The Court disagrees. In *Ichinose,* the Homer National Bank ("Homer") attempted to rely upon orders extending deadlines for filing dischargeability complaints that were issued for the benefit of other creditors. Based upon the language and context of the orders limiting the extensions to other creditors, the Fifth Circuit determined that the orders did not apply to Homer. In the present case, however, the Order of September 6, 1991 was entered upon a motion for extension of time filed by the debtor which had been filed in order to fulfill a condition imposed by the U.S. Trustee before the creditors meeting would be rescheduled. The terms of the Order of September 6, 1991 extended the time period for all creditors. In addition, *Ichinose* did not involve a situation in which the debtor's failure to attend a creditors meeting arguably resulted in expiration of the bar date. *Ichinose* is not as broad as the debtor suggests, and does not apply to the present facts.

The debtor also cites *Neeley v. Murchison,* 815 F.2d 345 (5th Cir.1987). In *Neeley,* the Fifth Circuit determined that the failure of the bankruptcy clerk to include the dischargeability bar date on the notice sent to creditors did not suspend the time limitations set by Rule 4007(c). The Fifth Circuit held:

> Moreover, § 523(c) of the Code, which Rule 4007 is designed to implement, places a heavy burden on the creditor to protect his rights: a debt of the type presented here is automatically discharged unless the creditor requests a determination of dischargeability. The one narrow exception to this rule incorporates a duty-to-inquire approach to notice issues. Under § 523(a)(3)(B), a debt is not automatically discharged if the debtor fails to schedule the creditor *and* the creditor had no notice or *actual knowledge* of the case in time to file a claim and a request for determination of dischargeability. [emphasis in original].

815 F.2d at 347. The issue in *Neeley* was whether the time limitations of Rule 4007(c) applied when the creditor had actual notice of the case. There were no issues regarding motions for extension of time to file dischargeability complaints. In addition, the *Neeley* Court stated:

> We do not condone the clerk's error or suggest that the notice provision is without force to prevent an obvious injustice to the creditor.

*Id.* In a footnote to this statement, the Fifth Circuit stated:

> ... Neither is this a case in which the creditor raised an arguably timely motion to extend. *See South Dakota Cement Plant v. Jimco Ready Mix Co.,* 57 B.R. 396 (D.S.D.1986).

815 F.2d at 347 n. 5.

The Court finds that an obvious injustice to St. Pierre would result in this case if Rule

4007(c) is interpreted as the debtor suggests. In the present case, the debtor failed to attend the first scheduled creditors meeting. The U.S. Trustee originally disapproved rescheduling of the meeting. It was only after the debtor stated that he was on jury duty at the time of the creditors meeting that the U.S. Trustee *conditionally* approved rescheduling the creditors meeting. One of the conditions to approval was that the *debtor* file the second ex parte motion to reset the bar dates. The motion filed by the debtor was entitled "ex parte motion to reset section 341 meeting of creditors and *to extend bar dates for filing complaints*". If the debtor had not complied with the U.S. Trustee's condition, the meeting would not have been rescheduled, and the bankruptcy petition would have been dismissed.

A creditor monitoring the record of this case would have seen the initial disapproval of the debtor's request to reset by the U.S. Trustee's Office on May 30, 1991, and the first "ex parte motion to reset section 341 meeting of creditors following disapproval by Office of U.S. Trustee and to extend bar date for filing complaints". When the rescheduling of the creditors meeting was eventually granted, it was under the conditions set by the U.S. Trustee's office. Under the circumstances, a creditor would have no reason to believe the time period for filing dischargeability complaints had expired.

It would be manifestly unjust if the debtor, whose failure to attend the creditors meeting arguably caused rescheduling of the meeting outside of the initial time period to file complaints, would be permitted to avoid the Order of September 6, 1991, which was entered at his request in order to obtain rescheduling of the creditors meeting.

■ Finally, the Court is not convinced that the language of Rule 4007(c) is as inflexible as the debtor asserts, i.e., that the sixty days begins to run from the first date set for the creditors meeting. Rule 4007(c) states that the complaint "shall be filed not later than 60 days following the first date set for the meeting of creditors *held* pursuant to § 341(a)". [emphasis added]. The word "held" was included for a purpose and must add some meaning. The only logical interpretation consistent with the purpose of the Bankruptcy Code is that the phrase "the meeting of creditors held", means that the debtor must be present and subject to examination under oath, as required by Section 343, in order for the sixty day period to commence. To interpret the word "held" as meaning only that a meeting was set, even though the debtor did not appear, is illogical. It could bar creditors from dischargeability complaints that they might not even be aware of until the debtor appears and is examined under Section 343.

In *Bank of Marin v. England*, 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966), the Supreme Court interpreted the Bankruptcy Act, but in language still applicable and cited with approval by the Fifth Circuit, stated:

> Yet we do not read these statutory words [of the Bankruptcy Act] with the ease of a computer. There is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction.

*In re Triangle Chemicals, Inc.*, 697 F.2d 1280, 1287 (5th Cir.1983), *citing, Bank of Marin v. England*, 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197. The Court finds that equitable principles support the interpretation of Rule 4007 as meaning that the debtor must be present at the creditors meeting.

The Court finds that the Order of September 6, 1991 is a valid order that extended the time period to file dischargeability complaints until sixty days after the debtor attended the creditors meeting. Because the debtor attended the creditors meeting on October 15, 1991, the effect of the Order of September 6, 1991 was to extend the time for filing dischargeability complaints until December 14, 1991.

B. *Did Rule 4007 extend the time period for filing complaints until the Monday following December 14, 1991?*

■ Having found that the bar date was extended until Saturday, December 14, 1991, the Court must determine whether the com-

plaint filed on Monday, December 16, 1991 was timely.

The debtor argues that the deadline provided in Rule 4007(c) is in the nature of a statute of limitation, and therefore, Rule 9006(a) of the Federal Rules of Bankruptcy Procedure, which would allow a filing on Monday, does not apply.

Rule 9006(a) provides in pertinent part:

In computing any period of time prescribed or allowed by these rules ... [t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, ..., in which event the period runs until the end of the next day which is not one of the aforementioned days.

The debtor's argument is without merit. Two of the cases cited by the debtor involve determinations as to the applicability of Bankruptcy Rule 9006(f) which provides for an additional three days when service is by mail. *See In re Duncan,* 86 B.R. 288 (Bankr. M.D.Fla.1988); *In re Winburn,* 72 B.R. 167 (Bankr.D.S.C.1986). Rule 9006(f) only applies when a time period begins to run after service of a notice or other paper. Fed. R.Bankr.P. 9006(f); *In re Arbuckle,* 988 F.2d 29, 31 (5th Cir.1993). Rule 9006(f) is not applicable to extend the time period provided in Rule 4007(c) because the time limitation in Rule 4007(c) starts to run from a fixed time period after the meeting of creditors, not from service of any notice. *See In re Arbuckle,* 988 F.2d at 31 (holding that Bankruptcy Rule 9006(f) does not extend the thirty day time period for filing a notice of appeal).

The case of *In re Peacock,* 129 B.R. 290 (Bankr.M.D.Fla.1991), cited by the debtor, did hold that Rule 4007(c) is in the nature of a statute of limitations, and therefore Rule 9006(a) was not applicable to extend the time period.

The *Peacock* decision, however, is the minority view. The vast majority of decisions on the issue hold that Rule 4007 is a procedural rule, and not a statute of limitations. *See e.g. Nicholson v. Isaacman,* 149 B.R. 502, 509 (Bankr.W.D.Tenn.1993); *Union Trust Co. v. Welsh,* 138 B.R. 630 (Bankr.M.D.Fla.

1992); *In re Burns,* 102 B.R. 750 (9th Cir. BAP 1989); *In re Day,* 102 B.R. 414 (E.D.Pa. 1989). This view is supported by Rule 1001 of the Federal Rules of Bankruptcy Procedure which states that "[t]he Bankruptcy Rules and Forms govern *procedure* in cases under title 11 of the United States Code". [emphasis added]. As indicated by the *Welsh* Court:

Further support, if any is needed, for the principle that Rule 4007 is procedural in nature is found in the fact that the rule allows for the court, upon motion of any party in interest, to extend the 60–day time limit. A statute of limitations, which would govern the substantive rights of a party, could not be extended by virtue of a court order.

*Union Trust Co. v. Welsh,* 138 B.R. at 631.

The Court finds that the better and more reasoned view is that Rule 4007(c) is procedural in nature, and subject to the computation of time rules set forth in Rule 9006(a). Therefore, the bar date of Saturday, December 14, 1991 was extended until Monday, December 16, 1991. St. Pierre's complaint filed on December 16, 1991 was timely.

An order will be entered in accordance with this memorandum opinion.

### ORDER

For the reasons assigned in the foregoing memorandum opinion,

**IT IS ORDERED** that the debtor's motion to dismiss complaint as untimely filed is **DENIED.**

New Orleans, Louisiana, this 17th day of November, 1993.