**In re Ronald BURCHAM and Carolyn Burcham, Debtors.**

**AMERICAN EXPRESS CENTURION BANK OPTIMA ACCOUNT, Plaintiff,**

v.

**Ronald BURCHAM, Defendant.**

Bankruptcy No. 94–4302–8P7.
Adv. No. 94–493.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Nov. 17, 1994.

Richard S. McIver, Tampa, FL, for American Exp. Centurion Bank Optima Account, plaintiff.

Ronald R. Bidwell, Tampa, FL, for Ronald W. Burchman, defendant.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration involves a motion filed by Ronald Burcham (Debtor) who seeks to dismiss the Complaint filed pursuant to Section 523(c) of the Bankruptcy Code by American Express Centurion Bank Optima Account (American Express). The Motion to Dismiss is based on the contention of the Debtor that the Complaint is barred because it was not filed within the time fixed by F.R.B.P. 4007(c).

The facts are without dispute and as appear from the record are as follows. On May 3, 1994, the Debtor filed his Voluntary Petition for Relief under Chapter 7 together with his wife Carolyn Burcham. On May 11, 1994, the Clerk issued a Notice of Commencement of a case under Chapter 7 and mailed the notice to all parties of interest which notice included the time, date and location of the Meeting of Creditors and also the last day to file Complaints either objecting to discharge or the dischargeability of certain debts pursuant to Section 523(c) of the Code. The meeting of creditors was scheduled and held on June 7, 1994, and the bar date to file complaints pursuant to Section 523(c) was set as August 6, 1994. It is without dispute that these dates were the correct dates albeit August 6, 1994, fell on a Saturday a non-business day. It is without dispute that the Complaint under consideration was in fact filed August 8, the first business day after the 60 day period provided for by F.R.B.P. 4007(c).

Based on the foregoing, it is the contention of the Debtor that this Court no longer has jurisdiction to consider the Complaint and, therefore, his motion should be granted and the Complaint dismissed with prejudice because it is time barred. In opposing the Motion, Counsel for the American Express contends that under the time computation rule of F.R.B.P. 9006, the Complaint was timely because Subsection (a) of that Rule provides that the last day of the period involved shall be included unless it is a Saturday or Sunday or a legal holiday.

The resolution of the opposing views of the parties obviously depends on the proper interpretation of F.R.B.P. 9006(a) and F.R.B.P. 4007(c). The courts considering this matter have not been in agreement in the past and some courts viewed the time frame fixed by F.R.B.P. 4007(c) merely as a procedural rule while others have viewed it as a Statute of Limitations.

The Debtor in support of his Motion relies on the case of *In re Butcher*, 829 F.2d 596 (6th Cir.1987). In *Butcher*, the Sixth Circuit was called upon to decide whether or not an action to avoid a preference or fraudulent transfer was or was not timely filed because it was concededly filed later than the two years time fixed by 11 U.S.C. § 546(a) to institute an action pursuant to § 547 or § 548 of the Code. The Sixth Circuit affirmed an order entered by the Bankruptcy Court which dismissed the Complaint. The District Court on appeal reversed the Bankruptcy Court and held that the action was barred because it was not filed within the two years from the date of the Trustee's appointment. Judge Kennedy speaking for the Court held that under § 546, actions to avoid a preference or a fraudulent transfer must be filed within two years and the two year time period began to run on the date of the Trustee's appointment rather than the day after the Trustee was appointed and expired 24 months later. For its ruling, the Court of Appeals relied on the case of *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th

Cir.1980), in which the District Court construed the Statue of Limitations applicable to the Truth in Lending Act, 15 U.S.C. Sections 1601–1693 (1982 & Supp. III 1985). The computation of time in *Rust* involved the interpretation of F.R.C.P. 6(a) which provides that the date of the act, event, or default shall not be included in computing the time in which an action must be commenced. The Court of Appeals concluded that F.R.B.P. 9006(a) cannot extend or limit the jurisdiction of Bankruptcy Courts. The two years commenced to run from the date of the Trustee's appointment and not the day after as fixed by the Statute and cannot be enlarged by F.R.B.P. 9006.

The factual scenario in *Butcher* has two features which are distinctive from the facts involved in the present instance. In *Butcher* the action involved was a Code created special voiding power granted to the Trustee which under Section 546(a) the Trustee had to exercise within the two years fixed by the Statute and not by a Rule. In the present instance the action does not involve a Trustee voiding power with a two year Statute of Limitations, but the right of a creditor to seek a determination of dischargeability of certain types of debts which are excepted from the overall protection of the general Bankruptcy discharge pursuant to Section 523(a)(2), (4) and (6) within the time fixed by the Rule and not by the Statute. Moreover, unlike in *Butcher* the computation of time in this instance involves a question not of when the action had to be commenced but when the period provided for by the Rule expired.

The Bankruptcy Appellate Panel (BAP) in the Ninth Circuit was faced with the same question in the case of *In re Burns*, 102 B.R. 750 (9th Cir. BAP 1989). The BAP was not unaware of the Sixth Circuit decision in *Butcher* and distinguished *Butcher* on the ground that the time period fixed by F.R.B.P. 4007(c) was not a Statute of Limitation but merely a procedural provision citing *In re Hill*, 811 F.2d 484, 487 (9th Cir.1987). This being the case, the BAP concluded that the computation of time is governed by the Rule which specifically deals with the subject, in this instance, F.R.B.P. 9006(a). The BAP also cited the case of *In re Victoria Station, Inc.*, 840 F.2d 682 (9th Cir.1988) in which the court also held when the last day falls on a non-business day the time will not expire until the end of the next regular business day.

This Court is not unaware of the decision of the Bankruptcy Court in the Middle District of Florida in the case of *In re Peacock*, 129 B.R. 290 (Bankr.M.D.Fla.1991) where the court held that the time established by F.R.B.P. 4007(c) for filing exception to discharge complaint is in the nature of Statute of Limitations and the Rule generally proving the standard for computing time period was not applicable. The court in *Peacock* initially also relied on F.R.B.P. 5001 which, as it reads literally provides that courts "shall be deemed always open for the purpose of filing any pleading or other proper paper, issuing and returning process, and filing, making, or entering motions, orders and rules."

This court is constrained to reject the relevance of F.R.B.P. 5001. As a matter of practicality any litigant would be hard pressed to find a clerk or a judge on a non-business day and to file anything on a non-business day. It would be a strained construction, indeed, to accept the proposition that Rule 9006(a), which expressly provides that if the last day is a non-business day, the next business day shall be included in computing the time period which in certain things have to be accomplished under the Rules, is not applicable to complaints filed pursuant to § 523(c) of the Code. Based on the foregoing this Court is satisfied that the time fixed by F.R.B.P. 4007(c) is merely a procedural rule which the Rules Committee, with the approval of the Supreme Court, has the power to fix unlike the two year limitation which was fixed by Congress which, of course, could not be changed by a procedural rule.

In sum, this Court is satisfied that based on the undisputed facts the complaint was filed timely and, therefore, the Motion to Dismiss is without merit.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtor shall file an Answer to the Complaint within 15 days of the date of entry of this Order and if an Answer is filed the matter shall be scheduled forthwith for pretrial conference. It is further

ORDERED, ADJUDGED AND DE-CREED if the Debtor fails to respond to the Complaint either by Answer or by Motion within the time fixed by the Order, the Plaintiff, American Express, shall be entitled to proceed and establish its rights under the Complaint by default.

DONE AND ORDERED.