**In re Frederick E. BECK, Sr., Debtor.**

**FARMERS BANK OF MARYLAND,**
**Plaintiff,**

v.

**Frederick E. BECK, Sr., Defendant.**

**Bankruptcy No. 96–1–9431–PM.**
**Adversary No. 98–1–A169–PM.**

United States Bankruptcy Court,
D. Maryland,
Greenbelt Division.

May 11, 1998.

Eric B. Miller, Piper & Marbury, L.L.P., Baltimore, MD, for Plaintiff.

Curtis C. Coon, Baltimore, MD, for Debtor.

## MEMORANDUM OF DECISION

PAUL MANNES, Chief Judge.

This cause came on for hearing on April 23, 1998, on Frederick E. Beck, Sr.'s ("Debtor" or "Defendant") Motion to Dismiss Pursuant to [Bankruptcy] Rule 7012 for Failure to State a Cause of Action and for Judgment on the Pleading.

A. While the title of the action contained in the caption of the subject motion refers to the complaint's failure to state a cause of action, Defendant does not address this assertion in his motion. The court adjudges that the complaint does, indeed, state a cause of action. The court will, therefore, limit its discussion solely to the issue of the timeliness of the filing of the adversary proceeding, as addressed by Defendant.

B. Plaintiff, Farmers Bank of Maryland ("Plaintiff"), filed this adversary proceeding sixty-two days after the first date set for the meeting of creditors held pursuant to 11 U.S.C. § 341(a). Defendant argues that the complaint is, therefore, untimely. The issue presented is whether Bankruptcy Rule 9006(a) applies to the calculation of time in determining the bar date as set forth in Bankruptcy Rule 4007(c). The operative facts are not in dispute.

C. Debtor filed a case under Chapter 11 on November 12, 1996. The case was subsequently converted to a case under Chapter 7 on November 14, 1997, on the United States Trustee's motion made prior to confirmation. The Clerk issued a Notice of Commencement of Case under Chapter 7 of the Bankruptcy Code (Official Bankruptcy Form 9) and mailed the notice to all parties of interest, that included the date, time and location of the meeting of creditors, as well as the deadline to file a complaint to determine the dischargeability of certain types of debts. The meeting of creditors held pursuant to 11 U.S.C. § 341(a) was scheduled and held on December 17, 1997. By virtue of Bankruptcy Rules 1019(2) and 4007(c), the deadline for filing dischargeability complaints pursuant to 11 U.S.C. § 523(c) was fixed as February 15, 1998.

D. Plaintiff, a scheduled creditor of Defendant, initiated this adversary proceeding on February 17, 1998, by filing a three-count complaint to determine the nondischargeability of certain debts, pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6). In the complaint, Plaintiff asserts fraud, breach of fiduciary duty and conversion by Defendant—such misconduct allegedly stemming from a check-kiting scheme and the sale of automobiles out of trust by Defendant. Plaintiff requests that the court declare $2,163,584.24 of certain debts purportedly owed by Defendant to Plaintiff to be nondischargeable.

E. On March 17, 1998, Defendant responded to Plaintiff's complaint by filing the instant Motion to Dismiss. Defendant submits that Plaintiff did not timely file its complaint within sixty days following the first date set for the meeting of creditors held pursuant to § 341(a) of the Bankruptcy Code.

F. The time for filing a dischargeability complaint pursuant to § 523(c) of the Bankruptcy Code is set forth in Federal Rule of Bankruptcy Procedure 4007(c), that provides:

## Rule 4007. DETERMINATION OF DISCHARGEABILITY OF A DEBT

(c) Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation, Chap-

ter 11 Reorganization, and Chapter 12 Family Farmer's Debt Adjustment Cases; Notice of Time Fixed. A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

G. Plaintiff argues that dismissal is inappropriate. While the deadline for filing a dischargeability complaint was fixed at February 15, 1998, in the Notice of Commencement of Case under Chapter 7 of the Bankruptcy Code (Official Bankruptcy Form 9), Plaintiff points out that the deadline fell on a Sunday. The following day, Monday, February 16, 1998, was a legal holiday.[1] Plaintiff argues that pursuant to Federal Rule of Bankruptcy Procedure 9006(a), the final day that a dischargeability complaint could be timely filed was Tuesday, February 17, 1998, and therefore, the complaint was timely.

H. This court has jurisdiction pursuant to 28 U.S.C. § 1334, 11 U.S.C. §§ 523(a)(2), (4), and (6), and Maryland District Court Local Rule 402. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

I. Federal Rule of Bankruptcy Procedure 9006(a) governs the computation of time periods prescribed or allowed by the Bankruptcy Rules. It provides:

**Rule 9006.  TIME**

(a) **Computation.** In computing any period of time prescribed or allowable by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. *The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.* When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and Rule 5001(c), *"legal holiday" includes* New Year's Day, Birthday of Martin Luther King, Jr., *Washington's Birthday,* Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the court is held. (Emphasis added.)

Unquestionably, Bankruptcy Rule 9006(a) is applicable to the time limitations set forth in Bankruptcy Rule 4007(c). It is beyond argument that Bankruptcy Rule 9006(a), by its terms, applies to *any* time period prescribed in the Federal Rules of Bankruptcy Procedure. Here, Plaintiff seeks a determination of the dischargeability of certain types of debts pursuant to §§ 523(a)(2), (4) and (6) of the Bankruptcy Code by filing a complaint within the time precisely defined by Bankruptcy Rule 4007(c).

J. Nearly all courts have held that Bankruptcy Rule 9006(a) applies to the time limitations of Bankruptcy Rule 4007(c). *See, e.g., In re Burns,* 102 B.R. 750, 752 (9th Cir. BAP 1989) (the deadline for filing a dischargeability complaint is properly extended, pursuant to Bankruptcy Rule 9006(a), when the deadline falls on a Saturday, Sunday, or legal holiday); *In re Burcham,* 176 B.R. 268, 270 (Bankr.M.D.Fla.1994) ("It would be a strained construction, indeed, to accept the proposition that Rule 9006(a), which expressly provides that if the last day is a non-business day, the next business day shall be included in computing the time period which in certain things have to be accomplished

---

1. Washington's Birthday was observed on Monday, February 16, 1998.

under the Rules, is not applicable to complaints filed pursuant to § 523(c) of the Code"); *Matter of Little*, 161 B.R. 164, 169 (Bankr.E.D.La.1993) (where the deadline for filing a dischargeability complaint fell on a Saturday, the deadline was extended until Monday, pursuant to Rule 9006(a)); *In re Richards*, 148 B.R. 548, 550 (Bankr.N.D.Ill. 1993) ("Inaccessibility to the Clerk's office on the bar date, whether caused by flood, weekend or holiday, is sufficient to automatically extend the time period through the next work day"); *In re Brenesell*, 109 B.R. 412, 414 (Bankr.D.Haw.1989) (where the deadline for filing a dischargeability complaint was the Birthday of Martin Luther King, Jr., the deadline was extended to the first business day after the federal holiday); *In re Day*, 102 B.R. 414, 416 (E.D.Pa.1989) (district court affirmed the bankruptcy court's holding that, pursuant to Rule 9006(a), a complaint was timely filed on a Monday when the deadline for filing a dischargeability complaint fell on a Sunday). *See also In re Criswell*, 44 B.R. 95, 96 (Bankr.E.D.Va.1984) (defendant abandoned the assertion that a dischargeability complaint was untimely once the court determined that the last day for filing such complaints was a "legal holiday" as defined by Bankruptcy Rule 9006(a) and, therefore, was to be excluded in the computation of the relevant time period).

K. Note that the failure to apply Bankruptcy Rule 9006(a) in this instance would impermissibly shorten the time period in which a plaintiff may file its dischargeability complaint. As the United States Court of Appeals for the Fifth Circuit stated in *Matter of American Healthcare Management, Inc.*, 900 F.2d 827, 831 n. 3 (5th Cir.1990), referring to the decision in *In re Day*, 102 B.R. 414 (E.D.Pa.1989): "The district court's reasoning [in its affirmance of the bankruptcy court's holding that, pursuant to Rule 9006(a), a complaint was timely filed on a Monday when the last day for filing a dischargeability complaint was a Sunday] is

sound. Indeed, it is arguable that any other decision in that case would have been improper because the . . . [plaintiff] would have less than the sixty days allotted by Rule 4007(c) in which to file his complaint."

L. Plaintiff urges that Bankruptcy Rule 4007(c) is a procedural rule rather than a statute of limitations. Most courts agree that the time limitations set forth in Bankruptcy Rule 4007(c) are, indeed, procedural in nature, and therefore, governed by Bankruptcy Rule 9006(a).[2] *See, e.g., In re Burns*, 102 B.R. 750, 752 (9th Cir. BAP 1989) (Bankruptcy Rule 4007(c) is procedural and thus governed by Bankruptcy Rule 9006(a)); *In re Burcham*, 176 B.R. 268, 270 (Bankr.M.D.Fla. 1994) (the time period specified in Bankruptcy Rule 4007(c) is procedural and may be extended pursuant to Bankruptcy Rule 9006(a) to the next business day if the deadline falls on a non-business day); *Matter of Little*, 161 B.R. 164, 169 (Bankr.E.D.La.1993) ("This view [that Bankruptcy Rule 4007(c) is a procedural rule rather than a statute of limitations] is supported by Rule 1001 of the Federal Rules of Bankruptcy Procedure which states that '[t]he Bankruptcy Rules and Forms govern *procedure* in cases under title 11 of the United States Code'. [emphasis added]").

M. Additionally, "[f]urther support, if any is needed, for the principle that Rule 4007 is procedural in nature is found in the fact that the rule allows for the court, upon motion of any party in interest, to extend the 60–day time limit. A statute of limitations, which would govern the substantive rights of a party, could not be extended by virtue of a court order." *In re Welsh*, 138 B.R. 630, 631 (Bankr.M.D.Fla.1992). The *Burcham* court made a similar point: "[T]his Court is satisfied that the time fixed by F.R.B.P. 4007(c) is merely a procedural rule which the Rules Committee, with the approval of the Supreme Court, has the power to fix unlike the

---

**2.** Defendant cites *In re Peacock*, 129 B.R. 290, 292 (Bankr.M.D.Fla.1991), for the proposition that the time period set forth in Bankruptcy Rule 4007(c) is in the nature of a statute of limitations. This court, however, declines to espouse such a view. In *In re Peacock*, the bankruptcy court held that a nondischargeability complaint filed

on a Monday was untimely when the deadline for filing such a complaint fell on a Sunday. *Id.* The court determined that the time limit set forth in Bankruptcy Rule 4007(c) was in the nature of a statute of limitations, and thus, Bankruptcy Rule 9006(a) did not apply to extend the time period. *Id.*

two year limitation [of § 546 of the Code] which was fixed by Congress which, of course, could not be changed by a procedural rule." *In re Burcham*, 176 B.R. 268, 270 (Bankr.M.D.Fla.1994).

N. Although this court is apprised of the decision in *In re Peacock*, 129 B.R. 290, 292 (Bankr.M.D.Fla.1991), this court is compelled to reject that ruling. As the court remarked in *Burcham*, 176 B.R. at 270:

> The court in Peacock ... relied on F.R.B.P. 5001 which, as it reads literally provides that courts "shall be deemed always open for the purpose of filing any pleading or other proper paper, issuing and returning process, and filing, making, or entering motions, orders and rules." This court is constrained to reject the relevance of F.R.B.P. 5001. As a matter of practicality any litigant would be hard pressed to find a clerk or a judge on a non-business day and to file anything on a non-business day.

O. This court joins the overwhelming majority of courts holding that Bankruptcy Rule 9006(a) is a procedural rule that expressly applies to the time periods prescribed in Federal Rule of Bankruptcy Procedure 4007(c). Since the date inserted in the Notice of Commencement of Case under Chapter 7 that was sixty days after the creditor's meeting, happened to be a Sunday, Bankruptcy Rule 9006(a) applies to permit an extension of the filing deadline until the first business day *after* that Sunday *and* following legal holiday. Plaintiff's complaint was timely filed. Defendant's request for dismissal must, therefore, be denied.