748 P.2d 1221

Steven **PHILLIPS**, an adult individual, Plaintiff/Appellant,

v.

Gary **CAPPS** and Kelly Capps, husband and wife; Dave Fellars Dump Truck Service, Inc., an Arizona corporation; and ABC Corporation, Defendants/Appellees.

2 CA–CV 87–0319.

Court of Appeals of Arizona, Division 2, Department B.

Jan. 7, 1988.

Frederick C. Creasy, Jr. and David W. Hume, Scottsdale, for plaintiff/appellant.

Gallagher & Kennedy by E. Calvin Fuchs and Chris J. Scheldrup, Phoenix, for defendants/appellees.

## OPINION

LIVERMORE, Presiding Judge.

Defendant Estella Marquez was stopped driving westward at a stop sign at 35th Avenue and Clarendon in Phoenix waiting to turn south on 35th. Northbound traffic on 35th was backed up from a traffic light north of Clarendon. Defendant Gary Capps, an employee of defendant Dave Fellars Dump Truck Service, Inc., was driving northbound on 35th and, because of the backup, stopped in the center of three northbound lanes south of Clarendon leaving room for Marquez to enter 35th. He motioned her to do so. Because of the size of Capps' truck, she could not see traffic beyond the truck to the south. As she crossed in front of Capps, plaintiff Steven Phillips, riding a motorcycle northbound in the interior lane of 35th, collided with her. On this appeal from a summary judgment in favor of Capps and Fellars, they attempt to sustain it on the grounds that as a matter of law Capps was neither negligent nor the cause of Phillips' injury. We disagree and reverse.

While having no duty to act, by acting Capps assumed the duty to act carefully. The action of Capps in motioning Marquez to enter 35th Avenue certainly invited her to do so. Capps could reasonably have foreseen that in doing so she would cross in front of him and because of the size of his truck would not be able to see northbound traffic south of him. For the same reason, northbound traffic would be unable to see the Marquez car. In these circumstances we simply do not understand the argument that as a matter of law there was neither negligence nor causation. The jury could reasonably infer that Marquez would believe that the signal meant that it was safe to make the turn. See *Frey v. Woodard*, 748 F.2d 173 (3d Cir.1984); *Askew v. Zeller*, 361 Pa.Super. 35, 521 A.2d 459 (1987). Even if she did not, the jury could find Capps negligent in inviting Marquez into a situation of peril which he could recognize but she could not. We do not believe this result is changed by the testimony of Marquez that she still felt obligated to keep a lookout for other traffic. Capps' negligence in part related to inviting Marquez onto the road in circumstances where he should have known that she would be unable to see approaching traffic. In these circumstances, it cannot be said as a matter of law that the failure of Marquez to see Phillips was the sole legal cause of the accident.

Reversed.

FERNANDEZ and ROLL, JJ., concur.