In re John DAY.

SECURITY TITLE AND
GUARANTY COMPANY

v.

John DAY.

Bankruptcy No. 87–03011 S.
Adv. No. 88–0990.
Civ. A. No. 88–4303.

United States District Court,
E.D. Pennsylvania.

July 31, 1989.

Katherine McAlice, Clark Ladner Fortenbaugh & Young, Philadelphia, Pa., for Sec. Title and Guar. Co.

Leona Mogavero, Lesser & Kaplin, Blue Bell, Pa., for debtor John Day.

### MEMORANDUM AND ORDER

SHAPIRO, District Judge.

Appellant-debtor, John A. Day, has appealed from an Order of the United States

bankruptcy court denying his motion to dismiss the complaint and the answer of Security Title and Guaranty Company ("Security Title"), the appellee in this matter. *In re John A. Day*, 82 B.R. 365 (Bkrtcy.E. D.Pa.1988 (Scholl, J.)). The bankruptcy court held that the deadline for filing a complaint to determine dischargeability of a debt was automatically extended one day by Bankruptcy Rule 9006(a) because the original deadline fell on a Sunday. Appellant argues that the bankruptcy court incorrectly applied Bankruptcy Rule 9006(a) to enlarge the period of time during which appellee could file its complaint. After reviewing the record and briefs submitted by the parties, this court affirms the decision of the bankruptcy court.

The facts are not in dispute. Appellant filed a petition for relief under Chapter 7 of the Bankruptcy Code on June 18, 1987. A notice, mailed to all interested parties on September 9, 1987, scheduled a meeting of creditors for September 30, 1987. This notice also set Sunday, November 29, 1987 as the last date for filing a complaint to determine dischargeability of a debt pursuant to 11 U.S.C. § 523(c). This date, sixty (60) days after the meeting of the creditors, was selected pursuant to Bankruptcy Rule 4007(c). Appellee filed its complaint on Monday, November 30, 1987. Appellant moved the bankruptcy court to dismiss the complaint as untimely. Following argument, the bankruptcy court denied the motion; Order and Opinion of February 1, 1988. Appellant's right to appeal the issue of untimeliness was preserved by consent order, dated April 26, 1988. This court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 158.

The bankruptcy court held that the sixty-day time period for filing a complaint was extended one day by Bankruptcy Rule 9006(a), that when calculating any period of time, "the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday." The bankruptcy court relied on relevant Third Circuit authority: *Frey v. Woodard*, 748 F.2d 173 (3d Cir.1984) (the time computation rule of Federal Rule of Civil Procedure 6(a) was appropriate method for computing time in which

to file administrative claim under Federal Tort Claims Act; 28 U.S.C. § 1346(b); Administrative claim filed under Federal Tort Claims Act two days after expiration of period in which claims were required by statute to be presented nevertheless was timely where the statutory period expired on a Saturday and the fact that office to which the claim was presented was open on Saturday, at least until noon, was irrelevant. 28 U.S.C.A. §§ 1346(b), 2401(b), 2671 et seq.; Fed.R.Civ.P. 6(a); 28 U.S.C.A.); *Krajci v. Provident Consumer Discount Co.*, 525 F.Supp. 145 (E.D.Pa.1981), *aff'd*, 688 F.2d 822 (3d Cir.1982) (the time computation rule of Fed.R.Civ.P. 6(a) extends time limitation of the Truth in Lending Act; 15 U.S.C. § 1640(e)). The bankruptcy court has also applied Bankruptcy Rule 9006(a) to the two-year statutory limitation period for the trustee's filing of a preference action under the Bankruptcy Code § 546(a). *In re Kaelin Associates Electrical Construction, Inc.*, 70 B.R. 412 (Bankr.E.D.Pa. 1987).

The Sixth Circuit does not permit extension of filing deadlines regardless of the day of the week on which the deadline falls. *In re Butcher*, 829 F.2d 596 (6th Cir.1987), *cert. denied*, — U.S. ——, 108 S.Ct. 1058, 98 L.Ed.2d 1020 (1988) (Bankruptcy Rule 9006 does not extend deadline under 11 U.S.C. § 546(a) of the Bankruptcy Code); *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir.1980) (Fed.R.Civ.P. 6(a) not applicable to limitations period under 15 U.S.C. § 1640(e) of the Truth in Lending Act). But courts in this Circuit are not bound by these decisions. Failure to follow *Rust* in *Krajci* was affirmed by the Court of Appeals, 688 F.2d 822 (3d Cir.1982).

Bankruptcy cases elsewhere apply Bankruptcy Rule 9006(a) to the filing deadline for § 523 dischargeability complaints after a § 341 meeting of creditors. *In re Burke*, 95 B.R. 716 (9th Cir. BAP 1989); *In re Boothe*, 84 B.R. 636 (Bankr.D.Neb.1988); *In re Gallagher*, 47 B.R. 92 (Bankr.W.D. Wis.1985); *In re Smith*, 46 B.R. 299 (Bankr.D.Maine 1985) (complaint errone-

ously filed under § 727 instead of § 523, but Rule 9006(a) applied).

This court agrees with the bankruptcy court below that Bankruptcy Rule 9006(a) extends the filing deadlines for a complaint to determine dischargeability to the Monday after the Sunday on which the sixty-day filing limitation falls. As the Third Circuit said in *Frey* in reference to Fed.R. Civ.P. 6(a), "[t]hat rule, excluding at the front end the day of the critical event, and excluding at the back end Saturdays, Sundays and legal holidays, provides certainty, and if uniformly applied, uniformity." *Frey*, 748 F.2d at 175. The Court of Appeals in this Circuit has clearly rejected the position of appellant; the decisions in *Frey* and *Krajci*, not *Butcher*, should be followed by this court.

Appellant relies on cases that allude to the inflexibility of court-ordered deadlines. *In re Rhodes*, 71 B.R. 206 (9th Cir.BAP 1987); *In re Shelton*, 58 B.R. 746 (Bankr. N.D.Ill.1986). However, these cases do not involve the effect of Rule 9006(a) on deadlines which fall on a weekend.

Finally, this court rejects appellant's argument that there is a significant difference between a bankruptcy court's notice to file within sixty days and notice to file by a date certain, sixty days later. The bankruptcy court form used required a specific date on the document establishing the filing deadline. *See* Bankruptcy Form CM–13 (2–5–87). The date inserted was sixty days after the creditor's meeting and happened to be a Sunday; Rule 9006(a) was correctly applied to permit an extension of the filing deadline until Monday.

Appellee's complaint was timely filed. The decision of the bankruptcy court is affirmed.

An appropriate Order will issue.