**Shailesh DOSHI**

v.

**RESOLUTION TRUST CORPORATION, as receiver for Atlantic Financial Savings, F.A.**

**No. Civ. A. 92–6137.**

United States District Court, E.D. Pennsylvania.

March 17, 1993.

---

John N. Salla, Philadelphia, PA, for plaintiff.

Mark J. Rosen, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Shailesh Doshi has sued the Resolution Trust Corporation ("RTC") in its capacity as receiver for Atlantic Financial Savings, because Atlantic Financial allegedly permitted Doshi's $8,000 check to be deposited in the wrong account. The RTC moves to dismiss Doshi's complaint for lack of subject matter jurisdiction, claiming Doshi filed suit one day too late. I must deny the RTC's motion.

### I. *Background*

In August, 1988, Doshi issued a check for $8,000 payable to North Towne Village Associates ("NTVA") as a deposit on a condominium. Both NTVA and NTA Investment Corporation, although separate corporate entities, had the same officers and directors, and both had accounts at Atlantic Financial. Atlantic Financial allegedly allowed Doshi's check to be deposited in NTA's account instead of in NTVA's account. Doshi discovered this error while trying to get his $8,000

deposit back from NTVA. Consequently, he sued NTVA, NTA, their principals, and the bank in state court.

The RTC subsequently took over as Atlantic Financial's receiver and persuaded Doshi to dismiss his state action against the bank, in order to pursue administrative remedies. Doshi filed his administrative claim August 4, 1992. By letter dated August 26, 1992, the RTC disallowed his claim.

### II. *The Federal Suit*

Doshi filed this action on October 26, 1992, under 12 U.S.C. § 1821(d)(6)(A). That section provides:

Before the end of the 60–day period beginning on the earlier of—

(i) the end of the period described in paragraph 5(A)(i) [the 180–day period in which the RTC must either allow or disallow the claim] ...; or

(ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i),

the claimant may ... file suit on such claim ... in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located ... (and such court shall have jurisdiction to hear such claim).

12 U.S.C. § 1821(d)(6)(A) (1989). Since the RTC denied Doshi's claim 22 days after it was filed, subsection (ii) applies, and Doshi had 60 days from the date of the RTC's denial notice in which to sue. The denial notice was dated August 26, 1992.[1] Sixty days from that date was October 25, 1992, a Sunday. Doshi contends that Federal Rule of Civil Procedure 6(a) extends his filing period to the next Monday,[2] or October 26, 1992, when he filed his complaint. I agree. I reject the RTC's argument that rule 6(a)

---

1. The parties argue at length over whether the 60–day period should be measured from that date or from August 27, 1992, when Doshi contends the notice was actually mailed. I need not address this question because even assuming the period began on the earlier date, I find Doshi's suit was timely.

2. Rule 6(a) instructs that:

In computing any period of time prescribed or allowed by ... any applicable statute, ... the last day of the period so computed shall be included, unless it is a Saturday, Sunday, or a legal holiday ..., in which event the period runs until the end of the next day which is not one of the aforementioned days.

does not apply to section 1821(d)(6)(A) because that section is jurisdictional, rather than procedural.

The RTC relies on *Cardente v. Fleet Bank of Maine, Inc.*, 796 F.Supp. 603 (D.Me.1992), which specifically addressed the application of rule 6(a) to section 1821(d)(6) and concluded the statute was jurisdictional.[3] It held, therefore, that applying rule 6 "to extend the jurisdiction of the Court" would violate Fed. R.Civ.P. 82, which prohibits the federal rules from being "construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein." *See id.* at 608.

The Third Circuit has considered and rejected the reasoning of *Cardente* in the context of a different but comparable statute. In *Frey v. Woodard,* 748 F.2d 173 (3d Cir. 1984), the court of appeals held that the time period provided in the Federal Tort Claims Act, 28 U.S.C. § 2401(b), could be extended by rule 6(a) without violating the prohibition of rule 82. The court wrote:

> [T]he United States contends that by applying the computation rule of Fed. R.Civ.P. 6(a) to the computation of time under 28 U.S.C. § 2401(b) the [district] court offended Fed.R.Civ.P. 82, by utilizing a Rule to expand the jurisdiction of the district court. This contention ... is ... frivolous.

748 F.2d at 175. The court further explained that in the absence of other time computation rules in a particular statute, rule 6(a) is the best way to compute time. Rule 6(a) "provides certainty, and if uniformly applied, uniformity.... More weighty reasons than those suggested by the government would be required before we could reject it as an appropriate rule for the interpretation of ambiguous statutes such as section 2401(b)." *Id.*

**3.** The court explained this conclusion only by saying the statute "confers substantive jurisdiction over claims filed pursuant to FIRREA." 796 F.Supp. at 608, n. 8.

**4.** Courts in this circuit have repeatedly employed the reasoning in *Frey* and applied rule 6(a) to other statutes. *See United Mine Wkrs. Dist. 4 v. Cyprus Emerald Res.*, 681 F.Supp. 271, 278 (W.D.Pa.1988) (rule 6(a) applies to the National

I find that in this context, 12 U.S.C. § 1821(d)(6) is comparable to 28 U.S.C. § 2401(b). Both statutes set time limits for bringing suit in federal court, but neither contains a time-computation rule. Neither says whether weekends or holidays which fall at the end of the limitations period should be included. Consequently, following *Frey*, I will interpret the statutorily prescribed 60–day filing period of section 1821(d)(6) in light of rule 6(a).[4]

Doshi therefore had through Monday, October 26, 1992 to file suit. His complaint was timely filed and should not be dismissed for lack of subject-matter jurisdiction.

Labor–Management Relations Act, 29 U.S.C. § 185); *Krajci v. Provident Consumer Discount Co.*, 525 F.Supp. 145 (E.D.Pa.1981) (rule 6(a) applies to Truth in Lending Act, 15 U.S.C. § 1640(e)), *aff'd* 688 F.2d 822 (3d Cir.1982); *In re John Day*, 102 B.R. 414, 415 (E.D.Pa.1989) (bankruptcy equivalent of rule 6(a) applies to the period for filing dischargeability complaint).