**Marylu NICKOLS, Conservatrix for Ernest Nickols, Jr., Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for First Constitution Bank, Defendant.**

**No. 3:96CV1895(GLG).**

United States District Court, D. Connecticut.

June 9, 1998.

Jerome Nathan Goldstein, Huntington, CT, for Plaintiff.

Kevin P. Walsh, Cella, McKeon & Williams, North Haven, CT, for Defendant.

### *MEMORANDUM DECISION*

GOETTEL, District Judge.

This slip-and-fall case is brought by plaintiff, Marylu Nickols, as Conservatrix for Ernest Nickols, Jr., against the Federal Deposit Insurance Corporation ("FDIC"), as receiver for First Constitution Bank, alleging negligence in the maintenance of the property where Mr. Nickols fell. Because the claim is against the FDIC, plaintiff was required to exhaust administrative remedies before bringing this action in federal court. *See RTC v. Elman,* 949 F.2d 624, 627 (2d Cir. 1991); *Carlyle Towers Condominium Ass'n, Inc. v. FDIC,* 982 F.Supp. 181, 183 (E.D.N.Y. 1997). Accordingly, plaintiff sent a notice of claim to the FDIC. The notice was allegedly transmitted by overnight mail and by facsimile transmission on the last day on which plaintiff could timely file her claim.[1] The FDIC asserts that it never received the facsimile transmission and that it did not receive the overnight mail delivery until after the statute of limitations had run. Therefore, the FDIC denied plaintiff's claim as untimely and has now moved this Court for summary judgment on the ground that plaintiff's claim is barred by Connecticut's two-year statute of limitations.

This matter was referred to Magistrate Judge Thomas P. Smith, who, on March 20, 1998, issued his recommended ruling granting the FDIC's motion for summary judgment. Plaintiff has objected to the ruling, which objection is now before this Court. The sole issue presented is the timeliness of plaintiff's filing with the FDIC. For the reasons set forth below, we hold that plaintiff's claim was not timely filed, and, therefore, this Court lacks jurisdiction over plaintiff's complaint. However, we reach that result for reasons different than those articulated in Judge Smith' Recommended Ruling.

### BACKGROUND

On January 22, 1994, Ernest Nickols was injured when he slipped and fell on ice in a parking lot at 35 Huntington Turnpike, in Bridgeport, Connecticut. The property had been owned by First Constitution Bank, which had been placed in receivership, and, thus, was an asset being managed by the FDIC as receiver.

The parties agree that Connecticut's two-year statute of limitations, C.G.S.A. § 52–584, applies to plaintiff's tort claim, thus requiring plaintiff to file her claim within two years of the date of Mr. Nickols' injury.

---

1. *See* Background Facts, *infra.*

There is no question in this case as to when plaintiff's claim accrued. The only issue is whether plaintiff's claim was timely "filed" with the FDIC.

In her statement of facts, plaintiff states that she "filed a notice of claim via fax transmission and by overnight express mail, (as indicated by the receipt therefore, attached . . . as Exhibit A . . .) with the claim agent, FDIC Corporation of East Hartford, Connecticut on January 22, 1996. Please see the attached Affidavit." The attached affidavit of plaintiff's counsel states that on "January 24, 1996, I sent by facsimile and by First Class Mail, postage prepaid, a Notice of Claim for Damages as required under title 12 U.S.C. Section 21(f) et. seq. [sic] to the F.D.I.C. at 203–291–5476 and at 101 East River Drive in East Hartford, CT 06108." (Emphasis added). Attached to the affidavit are two exhibits, one being a receipt from Eastern Connection showing a pickup date of "__/22/96" (we presume this to be 1/22/96) of a package for "Nickols–Goldstein" for "overnight delivery" to a Denise Lovendale at the FDIC. The date of delivery is not shown. Exhibit "B" is a fax cover sheet for the Superior Court in Milford, Connecticut, and appears to have no bearing on this case. There is no evidence that the notice of claim was sent by first class mail, nor is there a record of its transmission by facsimile.

The FDIC's submissions on this motion are equally inconsistent. In its Statement of Material Facts, the FDIC states that it received notice of the claim by mail on *February 24,* 1996, and later states January 24, 1996. The FDIC further states: "It is noted that the plaintiff did also attempt to send a facsimile copy of the notice on January 22, 1996." The source of this latter information is undisclosed, but it does indicate to us that the FDIC received some information that plaintiff had attempted to send a fax. In the supporting affidavit of Ann Bonner, claims specialist for the FDIC, Ms. Bonner states that "to the best of my knowledge and belief the original claim in this matter was received by the FDIC on January *23,* 1996, as re-flected on the face of the cover letter that accompanied said claim [sic January 23, 1995]." (Alteration in original; emphasis added). The cover letter was not attached to her affidavit and there is no indication as to how this claim was received, whether by facsimile transmission, by first-class mail, or by overnight delivery. Ms. Bonner also states that she has no knowledge of the receipt of any facsimile prior to January 23, 1996, but does not indicate whether one was received on January 23, 1996.

Because this matter comes before this Court on a motion for summary judgment, we are required to construe the facts in the light most favorable to the non-moving party. Thus, for purposes of this motion, we will accept plaintiff's statement that the notice was sent to the FDIC by facsimile on January 22, 1996, and that it was sent by an overnight courier service on January 22, 1996, but that it was not received by the FDIC until January 23, 1996, one day after the statute of limitations had run.

On July 15, 1996, the FDIC issued a Notice of Disallowance of Claim. This suit was filed on September 16, 1996.

Given this factual scenario, the two issues that must be addressed are whether a facsimile transmission is an acceptable method of filing a claim with the FDIC, and whether sending a notice of claim for overnight delivery is sufficient to constitute a "filing" with the FDIC, or whether the notice must have been received within the limitations period.

## DISCUSSION

The Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") sets forth the powers of the FDIC as receiver to wind up the affairs of the institution that is in receivership. Section 1821(d)(5)[2] governs the procedures for filing claim against the FDIC, as receiver of a failed financial institution. *See Heno v. FDIC,* 20 F.3d 1204, 1206 (1st Cir.1994); H.R. Conf. Rep. No. 101–209 at 399, 100th Cong., 1st Sess.1989 (Aug. 1, 1989). These procedures require a claimant to first file his

---

**2.** Section 1821(d) has been described by one court as "an avalanche of words," consisting of "nineteen separately numbered fascicles, most with myriad subparts, occupying seven pages of the United States Code." *Marquis v. FDIC,* 965 F.2d 1148, 1151 (1st Cir.1992).

claim with the FDIC. The FDIC then has 180 days to consider the claim and make a determination of allowance or disallowance. 12 U.S.C. § 1821(d)(5)(A)(i). Thereafter, if the claim is disallowed, the claimant has sixty (60) days to pursue his claim *de novo* in federal district court, or to consent to an administrative review process administered by the FDIC. 12 U.S.C. § 1821(d)(6)(A). *See* H.R.Rep. No. 101–54(I) at 418–419, 101st Cong., 1st Sess. (1989).

■ Participation in the administrative claims process is mandatory, and failure to participate is a jurisdictional bar to judicial review. 12 U.S.C. § 1821(d)(13)(D); [3] *see RTC v. Elman,* 949 F.2d at 627; *Marquis v. FDIC,* 965 F.2d 1148, 1151 (1st Cir.1992); *FDIC v. Shain, Schaffer & Rafanello,* 944 F.2d 129, 132 (3d Cir.1991). The jurisdictional bar of section 1821(d)(13)(D) reaches all claims seeking payment from the assets of the institution, all actions for the determination of rights vis-a-vis those assets, as well as all claims relating to any act or omission of the institution or the FDIC as receiver. *Marquis v. FDIC,* 965 F.2d at 1152 (citing *Rosa v. RTC,* 938 F.2d 383, 393 (3d Cir.), *cert. denied,* 502 U.S. 981, 112 S.Ct. 582, 116 L.Ed.2d 608 (1991)). *See also RTC v. W.W. Development & Management, Inc.,* 73 F.3d 1298, 1309 (3d Cir.1996). Since plaintiff's claim involves an alleged tortious act or omission by the FDIC in its capacity as receiver, it is encompassed within the exhaustion requirements of 12 U.S.C. § 1821(d). *See FDIC v. diStefano,* 839 F.Supp. 110, 116 (D.R.I.1993) (holding that the claims procedures of FIRREA apply to tort suits against the receiver); *Decrosta v. Red Carpet Inns International, Inc.,* 767 F.Supp. 694, 696 (E.D.Pa.1991) (requiring a plaintiff in a slip-and-fall case against the RTC to exhaust administrative remedies). As indicated in the legislative history, FIRREA provides a stream-lined claims procedure designed to enable the FDIC to dispose of the majority

of claims against a failed institution expeditiously and fairly. The exhaustion requirement is designed to enable a large number of claims to be resolved without the need of unduly burdening the district courts. *See* H.R.Rep. No. 101–54(I) at 419, reprinted in 1989 U.S.C.C.A.N. 214–15; *Marquis v. FDIC,* 965 F.2d at 1153, 1154; *Praxis Properties, Inc. v. Colonial Savings Bank, S.L.A.,* 947 F.2d 49, 63–64 (3d Cir.1991).

The instant case focuses on the filing provision of the claims process. The statute provides:

**(F) Legal effect of filing**

**(i) Statute of limitation tolled**

For purposes of any applicable statute of limitations, *the filing of a claim with the receiver* shall constitute a commencement of an action.

12 U.S.C. § 1821(d)(5)(F)(i) (emphasis added).

Magistrate Judge Smith held that, in interpreting FIRREA, the court should look to the Federal Rules of Civil Procedure to shed light on FIRREA's filing requirement. In so doing, he first looked to Rule 3, Fed.R.Civ.P., which, like FIRREA, provides that the filing of a complaint with the court constitutes the commencement of an action. Rule 5(e), Fed.R.Civ.P., then defines the term "filing with the court" to require that the paper be filed with the clerk of the court or, if permitted by the judge, with the judge's chambers. The Rule further provides that a court may, by local rule, permit papers to be filed by electronic means. *See* Rule 5(e), Fed.R.Civ.P. The Court then looked to the Local Rules of the District of Connecticut to determine whether facsimile transmissions were permitted. Local Rule 7(h) provides that "[c]opies of pleadings may be served *on counsel* through use of a facsimile machine, provided that service of a typewritten copy of the identical pleading is made simultaneously by regular mail. Copies of pleadings may *not*

---

3. Section 1821(d)(13)(D) provides:

**(D) Limitation on judicial review**

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver;

(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

be filed with the Clerk's Office through the use of a facsimile machine or other electronic means." (Emphasis added). Based upon Local Rule 7(h), Judge Smith ruled that filing by facsimile is not permitted under 12 U.S.C. § 1821(d)(5)(F)(i) for purposes of tolling the statute of limitations.[4]

■ Although we do not disagree with the end result reached by Judge Smith, we do disagree with his analysis. In interpreting the claims procedures of the statute, we are faced with interpreting the language of the statute itself, which must be accorded its ordinary meaning. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984); *Heno v. FDIC,* 20 F.3d at 1207 (interpreting FIRREA § 1821(j)). "If the intent of Congress is clear, that is the end of the matter...." *Chevron,* 467 U.S. at 843. If the statute is silent or ambiguous with respect to the specific issue, the Court must then look to the agency's interpretation of the statute to determine whether is based on a permissible construction of the statute. *Id.*

The question presented by this case is what constitutes the "filing" of a notice of an administrative claim with the FDIC under FIRREA. "Filing" is not defined by the statute. We have found no authority for the proposition that the Federal Rules of Civil Procedure should be applied to interpret the filing requirements of FIRREA.[5] Moreover, to then apply the local rules of a particular district to determine the timeliness of an administrative claim that may or may not ever result in a civil lawsuit in that district, leads to the burdensome result that a federal agency must apply the local rules of the 94 federal districts to determine whether a claim has been timely filed with a single federal agency. Indeed, there is some question as to which district's local rules should apply, for the statute gives a claimant the choice of filing suit on such claim in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or in the United States District Court for the District of Columbia. 12 U.S.C. § 1821(d)(6)(A). Although that would have no practical import in this case, since the Local Rules for the District of Connecticut and the District of Columbia prohibit filings with the Clerk by facsimile, it could lead to inconsistent results in those jurisdictions where filing by facsimile is permitted.[6]

---

4. In her objection to the recommended ruling, plaintiff argues that Judge Smith incorrectly applied the portion of Rule 7(h) pertaining to court filings, rather than the portion concerning service upon counsel. Were we to find that the Local Rules applied, we would agree with Judge Smith that the relevant portion is that concerned with Court filings. The question presented in this case is not one of service but rather whether plaintiff's administrative filing with the FDIC was timely for purposes of tolling the statute of limitations. Plaintiff's filing with the FDIC is akin to the commencement of a lawsuit and, thus, would be governed by that portion of the Local Rule applicable to court filings. However, as discussed below, we hold that the Local Rules do not govern the issue of the timeliness of plaintiff's filing.

5. We do note, however, that there are a number of cases that have applied the computation rule of Fed.R.Civ.P. 6(a) to the computation of time under various federal statutes, including one case involving FIRREA. *See Doshi v. Resolution Trust Corp.,* 815 F.Supp. 837, 839 (E.D.Pa.1993) (applying Rule 6(a) to the 60–day filing requirement of 12 U.S.C. § 1821(d)(6)(A)); *but see Cardente v. Fleet Bank of Maine, Inc.,* 796 F.Supp. 603 (D.Me.1992) (holding that Rule 6(a) could not be

applied to extend the jurisdiction of the court by enlarging the 60–day filing period to include the next Monday or next business day, when the last day fell on a weekend or holiday).

6. To illustrate the difficulties that could be encountered by this approach, the following is a sampling of some of the Local Rules of the various district courts throughout the country.

The Local Rules for the District of Hawaii, Rule 3, provides that pleadings may be filed by facsimile transmission "if permitted by the local administrative judge and clerk." In other districts, the Clerk is authorized to accept facsimile transmissions for filing if the Clerk determines the situation to be an emergency or in other compelling circumstances. *See, e.g.,* Local Rule 17(a) for the N.D. Miss. and S.D. Miss. In other districts, this finding must be made by a Judge of the Court. *See, e.g.,* Local Rule 5.1 for the S.D. Ind. Still in others, this determination may be made by the clerk, chief deputy, magistrate judge, or district judge. *See, e.g.,* Local Rule 5.2 of the M.D. Ga. Other districts allow facsimile filings, but only when done through a fax filing agency. *See, e.g.,* Local Rule 5–5(a) for the N.D. Cal.; Local Rule 5.3(a), S.D. Cal.; and Local Rule 5.1 of the E.D. Wash.

We think that the better approach is to look to the plain language of the statute and the agency's interpretation of the filing requirement. *See Chevron, supra.* Section 1821(d)(5)(F)(i) uses the phrase "the filing of a claim *with* the receiver." Filing a claim with an entity certainly connotes actual receipt of the claim by the agency. However, "filing" has been interpreted more broadly in other contexts. Thus, we turn to the agency's interpretation of this term.

■ Although FIRREA authorizes the FDIC to make rules and regulations for the allowance of claims, 12 U.S.C. § 1812(d)(4), the FDIC has never promulgated such rules.[7] *See Heno v. FDIC,* 20 F.3d at 1210; *Carlyle Towers,* 982 F.Supp. at 185. The FDIC has, however, adopted certain internal manual procedures, which have been published as an appendix to the First Circuit's decision in *Heno.* An agency's reasonable interpretation of a statute, even though not reduced to a regulation, is entitled to judicial deference. *See FDIC v. Philadelphia Gear Corp.,* 476 U.S. 426, 439, 106 S.Ct. 1931, 1938–39, 90 L.Ed.2d 428 (1986) (holding that, although FDIC's interpretation of the relevant statute had not been reduced to a specific regulation, its practice and belief regarding the meaning of a statutory term were entitled to the considerable weight that should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer); *see also Wasserman v. Glickman,* 882 F.Supp. 288, 294 (E.D.N.Y.1995).

■ The internal manual procedures set forth forms for notifying creditors/claimants under 12 U.S.C. § 1821(d)(3)(C) and for notifying the institution's contractors of contract disaffirmance under 12 U.S.C. § 1821(e). *See Heno,* 20 F.3d at 1210–14. Although not directly applicable to section 1821(d)(5)(F)(i), these procedures are relevant for they contain the agency's interpretation of the required procedures for filing claims with the FDIC. In both instances they state: "Your Proof of Claim form must be POST–MARKED OR HAND–DELIVERED TO (AND RECEIVED BY) the Receiver on or before ...." The procedures further state that "[t]he statutory procedures governing this claims process are found in section 1821(d)(3)–(13) of Title 12 of the United States Code." Thus, according to the internal manual procedures, if a claim is sent via a delivery service, it must be *received* by the FDIC. In this case, the copy of the notice of claim sent via Eastern Connection could not have been received by the FDIC until the day after the statute of limitations had run and, therefore, would not constitute a timely filing.

■ Facsimile transmissions are not discussed in the internal manual procedures. They are, however, mentioned in the FDIC's uniform rules of practice and procedure governing adjudicatory proceedings provided for by various statutes, such as the Federal Deposit Insurance Act, 12 U.S.C. § 1818, the Federal Reserve Act, 12 U.S.C. § 1828(j), the Change in Bank Control Act of 1978, 12 U.S.C. § 1817(j)(16), *et cetera,* set forth at 12 C.F.R. § 308.1. These regulations do not govern filing of claims under 12 U.S.C. § 1821(d), but they do provide insight into the FDIC's position on facsimile filings in other contexts. They state in relevant part that filing may be accomplished by transmission by electronic media *"only if expressly authorized, and upon any conditions specified, by the Board of Directors or the administrative law judge."* 12 C.F.R. § 308.10(b)(4). All papers filed by electronic media must also concurrently be filed in accordance with the formal requirements for filing papers, set forth the following subsection. 12 C.F.R. § 308.10(b)(4). The rules then provide that papers transmitted by electronic transmission are deemed filed as spec-

---

7. In contrast, the Equal Employment Opportunity Commission ("EEOC") has promulgated specific regulations defining "filing" for purposes of the administrative filing of a claim of discrimination under Title VII of the Civil Rights Act of 1964, as amended. Title 29 C.F.R. § 1601.13(a) provides that the timeliness of a filing is determined by the date on which the charge is *received by* that agency. *See Madison v. St. Joseph Hospital,* 949 F.Supp. 953, 960 (D.N.H.1996) (dismissing ADA discrimination complaint because of untimely filing with the EEOC); *Johnson v. Host Enterprise, Inc.,* 470 F.Supp. 381, 383 (E.D.Pa.1979) (dismissing Title VII claim where plaintiff mailed his charge in a timely fashion but it was not received by the EEOC until after the expiration of the statutory filing period).

ified by the authority receiving the filing. 12 C.F.R. § 308.12(b)(ii). The problem in this case is that the FDIC has never authorized filing by facsimile transmission for claims under FIRREA, 12 U.S.C. § 1821(d).

Thus, we hold that plaintiff's attempted filing by facsimile (if it occurred) was ineffective to constitute a filing so as to toll the running of the statute of limitations. This ruling is in accord with other cases that have held that the filing date for limitations purposes was not triggered by a facsimile transmission. *See McIntosh v. Antonino,* 71 F.3d 29, 36 (1st Cir.1995) (holding action deemed filed when Clerk received copy of complaint, not upon mailing or facsimile transmission); *Madison v. St. Joseph Hospital,* 949 F.Supp. 953, 960 (D.N.H.1996) (holding that EEOC charge was not filed when plaintiff telephoned the state agency). We further hold that plaintiff's attempted filing by overnight courier service was not complete until received by the FDIC, which was at least one day after the statute of limitations had run.

The Supreme Court has held that the "[p]rocedural requirements established by Congress for gaining access to the federal courts are not be disregarded by courts out of a vague sympathy for particular litigants ... 'In the long run, experience teaches that strict adherence to the procedural requirements specified by the legislation is the best guarantee of evenhanded administration of the law.'" *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (quoting *Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980)).

In this case, because we find that plaintiff did not timely file her claim with the FDIC, we are without jurisdiction over her complaint, *see* 12 U.S.C. § 1821(d)(13)(D), and grant defendant FDIC's motion for summary judgment [**Doc. # 8**]. *See McLaughlin v. FDIC,* 796 F.Supp. 47, 50 (D.Mass.1992). Plaintiff's Objection to the Recommended Ruling on Defendant's Motion for Summary Judgment [**Doc. # 19**] is DENIED.

SO ORDERED.