Edward R. SMITH, et al., Plaintiffs,

v.

NATIONAL FLOOD INSURANCE PROGRAM OF THE FEDERAL EMERGENCY MANAGEMENT AGENCY, et al., Defendants.

No. CIV. A. 01–0470.

United States District Court, E.D. Pennsylvania.

Aug. 10, 2001.

Stephen A. Corbman, Philadelphia, PA, for plaintiffs.

James G. Sheehan, Nuriye Uyger, U.S. Attorney's Office, Philadelphia, PA, for defendants.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

On January 29, 2001, plaintiffs Edward R. Smith and Debra L. Smith, husband and wife, sued the Federal Emergency Management Agency ("FEMA") and its Director Joe M. Allbaugh[1] under their Standard Flood Insurance Policy and the National Flood Insurance Act, 42 U.S.C. § 4001 *et seq.*, claiming that defendants failed to provide coverage and indemnification in the amount of $150,000 for damage sustained to their home in a flood that occurred on September 16, 1999. Plaintiffs also seek a declaratory judgment against the defendants, stating they have suffered damages of $150,000.

On June 25, 2001, defendants filed a motion to dismiss plaintiffs' complaint, arguing that the court lacks jurisdiction to hear plaintiffs' claims because the plaintiffs failed to file their lawsuit within the one year statute of limitations and (2) plaintiffs failed to provide the necessary documentation to support their claim of damages. Defendants also argue that, to the degree that plaintiffs seek to recover costs, interest, and attorneys' fees, that claim should be dismissed as the National Flood Insurance Act does not provide compensation for such items. Plaintiffs respond that they filed their complaint within the one-year statutory deadline and that they provided FEMA sufficient documentation under their policy and the National Flood Insurance Act. Therefore, they argue that the court has jurisdiction to hear their

---

1. The plaintiffs named John Magaw, the acting director of FEMA at the time they filed their complaint as a defendant. Government counsel has substituted John Magaw with Joe M. Allbaugh, the current Director of FEMA.

claims. However, plaintiffs failed to address defendants argument that plaintiffs are not entitled to costs, interest, and attorneys' fees.

The court will grant in part and deny in part defendants' motion to dismiss as follows. One, because plaintiffs filed their complaint within the one-year statutory deadline as established in 42 U.S.C. § 4072, the complaint was timely filed under the appropriate statute of limitations. Two, because plaintiffs filed a proof of loss statement together with sufficient documentation, the court can exercise jurisdiction over plaintiffs' claims. Three, because plaintiffs failed to address defendants' motion to dismiss with respect to defendants' argument that costs, interest, and attorneys' fees are not recoverable under the National Flood Insurance Act, the court will grant this aspect of the defendants' motion to dismiss as unopposed. Fourth, because a motion for summary judgment is premature as the parties have had no opportunity to take discovery, the court will deny without prejudice defendants' motion, in the alternative, for summary judgment.

■ Defendants' have brought their motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)" and "Rule 12(b)(6)") without explaining how each of these rules applies to this case. However, at the conclusion of their motion, defendants assert that "this Court ... [should] dismiss plaintiffs' [c]omplaint in its entirety for lack of subject matter jurisdiction under Rules 12(b)(1) and 12(b)(6) ..., because plaintiffs failed to follow the *jurisdictional* prerequisites for filing suit."

Df.'s Motion at 16 (emphasis added). Given that defendants are challenging this court's jurisdiction to hear plaintiffs' complaint and are relying on factual allegations outside plaintiffs' complaint, the court will treat defendants' motion as a factual challenge to this court's subject matter jurisdiction pursuant to Rule 12(b)(1). *See Gould Electronics, Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. and Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977)) ("A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction."). "In reviewing a factual attack, the court may consider evidence outside the pleadings." *Id.* (citing *Gotha v. United States,* 115 F.3d 176, 178–79 (3d Cir. 1997)).[2]

■ With respect to the one-year statute of limitations, defendants argue that, under Section 4072 of the National Flood Insurance Act, 42 U.S.C. § 4072 ("Section 4072"), a claimant must bring suit in federal court "within one year after the date of mailing of notice of disallowance or partial disallowance by the Director." The parties agree that defendants mailed the notice denying their claim on January 29, 2000 and plaintiffs did not file their lawsuit until January 29, 2001. Defendants argue that, given that plaintiffs failed to file their claim by 11:59 p.m. on January 28, 2001, the plaintiffs failed to file "within one year," and, therefore, their claim is time-barred. Defendants further state that plaintiffs have raised no facts that the statute of limitations was tolled or that

---

**2.** Conversely, a motion to dismiss for failure to state a claim challenges the sufficiency of the allegations contained in the complaint. The court must accept as true each allegation in the complaint and give the plaintiff the benefit of all favorable inferences that can be drawn from those allegations. *Schrob v. Cat-* terson, 948 F.2d 1402, 1405 (3d Cir.1991). The court may dismiss the complaint only where it is clear that the plaintiff can not establish any set of facts that would entitle it to relief. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988).

FEMA waived the one-year statute of limitations.

In response, plaintiffs argue that the word "within" in Section 4072 is ambiguous, and, therefore, should be construed against FEMA, the insurer in this case. Furthermore, plaintiffs argue that, even if January 28, 2001 was the last day to file their complaint, that day was a Sunday and, therefore, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure ("Rule 6(a)"),[3] the permissible filing date should be Monday, January 29, 2001.

No court has interpreted the meaning of "within" in Section 4072 or has determined whether Rule 6(a) is applicable to Section 4072's statute of limitations. However, the Third Circuit in *Frey v. Woodard*, 748 F.2d 173 (3d Cir.1984) found that the method of computation provided in Rule 6(a) for determining the end of the statutory limitations period was applicable to the Federal Tort Claims Act, 28 U.S.C. § 2401(b) ("FTCA"). The FTCA directs that a claim must be brought "within two years after such claim accrues" or the claim is barred. The *Frey* court dismissed as "frivolous" the government's argument that application of Rule 6(a) expanded the jurisdiction of the federal courts in violation of the government's sovereign immunity as well as Rule 82 of the Federal Rules of Civil Procedure.[4] Consequently, the *Frey* court found that Rule 6(a) which "exclud[es] at the front end the day of the critical event, and exclud[es] at the back end Saturdays, Sundays, and legal holidays," *Frey*, 748 F.2d at 175, should be applied in determining the end of a statutory limitations period.

The court finds that, for the same reasons enumerated by the *Frey* court, Rule 6(a) applies in computing when the statute of limitations expires under Section 4072. Given that the parties agree that the plaintiffs were mailed the notice of denial on January 29, 2000, the date the statute of limitations began to run in this case, plaintiffs had until January 29, 2001 to file their complaint. *See* Rule 6(a) (excluding "the day of the act, event, or default from which the designated period of time begins to run"); *Trueman v. Lekberg*, No. CIV.A. 97–1018, 1998 WL 181816, *5 n. 13 (E.D.Pa. April 16, 1998) (noting that FTCA statutory limitation period ends on the two-year anniversary of the day the claim began to accrue). Because plaintiffs filed their complaint on January 29, 2001, the court concludes that plaintiffs filed their complaint within the mandated statutory period of time. Therefore, the defendants' motion to dismiss on the grounds of untimeliness will be denied.

■ Defendants also argue that plaintiffs' complaint should be dismissed because they did not provide proper documentation when making their claim for insurance benefits to FEMA. Defendants assert that plaintiffs' Standard Flood Insurance Policy requires that the insured

---

**3.** Rule 6(a) reads in pertinent part:

In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which even the period runs until the end of the next day which is not one of the aforementioned days.
Fed.R.Civ.P. 6(a).

**4.** Rule 82 provides in relevant part that "[t]hese rules [of procedure] shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein." Fed.R.Civ.P. 82.

provide documentation supporting the losses they are claiming. Defendants base this argument on the policy's language which states "[s]hould a flood loss occur to your insured property, you must ... [d]ocument the loss with all bills, receipts, and related documents for the amount being claimed." Standard Flood Insurance Policy, Article 9, Paragraph J(5). Because the plaintiffs' home suffered flood damage in 1996 and because FEMA paid them for such damage, defendants argue that plaintiffs were required to document any repairs done after the 1996 flood. Defendants state that failure to provide such documentation is jurisdictional and precludes plaintiffs from having their claim heard in federal court.

Plaintiffs seemingly admit that (1) they did not provide bills and receipts regarding repairs made for prior flood damage and that (2) their flood insurance policy includes Article 9, paragraph J(5) quoted above. However, plaintiffs argue the policy does not make it a condition precedent that receipts and bills for prior losses be submitted prior to receiving benefits under the policy. Plaintiffs argue that because the policy must be construed in their favor the policy should not be read to make receipts and bills for prior losses a condition precedent for receiving coverage.

The court rejects defendants' jurisdictional argument. Defendants confuse the requirement under Rule 8(a) of the Federal Rules of Civil Procedure that a complaint set forth a short and plain statement of the claim so as to put defendants on notice of the claim, with the requirement under plaintiffs' policy that they "document the loss." Although defendants may ultimately prevail in showing that plaintiffs have not provided sufficient documentation to prove the losses identified in the proof of loss statement submitted by plaintiffs—including, perhaps, the lack of bills or other documentation that repairs were in fact made to the property damaged by an earlier flood—an issue not before this court at this time, the mere failure to submit such bills and receipts with the proof of loss does not raise a jurisdictional barrier to plaintiffs' claim warranting dismissal of the plaintiffs' complaint at this point in the litigation.[5] Nor do the cases cited by the defendants stand for the proposition that a claim should be dismissed if the claimant fails to provide receipts and bills regarding prior losses for which FEMA had compensated those claimants. *See, e.g., Gowland v. Aetna,* 143 F.3d 951, 954 (5th Cir.1998) (finding plaintiff failed to file a timely proof of loss); *Forman v. FEMA,* 138 F.3d 543, 545 (5th Cir.1998) (finding plaintiffs' failure to assign a value to claimed losses was grounds for dismissal); *Wagner v. Director, Federal Emergency Management Agency,* 847 F.2d 515, 520–521 (9th Cir.1988) (finding plaintiffs who failed to file proofs of loss forms and plaintiffs who filed untimely proof of loss forms are barred from commencing any action based on those claims); *Maloney v. FEMA,* Civ. A. No. 96–1879, 1996 WL 626325 *4 (E.D.La. Oct. 24, 1996) (finding plaintiff's failure to file timely proof of loss form barred his claim); *Holeman v. Director, FEMA,* 699 F.Supp. 98, 99 (N.D.Tex.1988) (finding plaintiff's failure to provide signed, sworn statement with proof of loss form barred his claim); *Cohen v. Federal Insurance Administration,* 654 F.Supp. 824, 827 (E.D.N.Y.1986) (finding plaintiff's failure to file timely proof of loss form barred his claim). In fact, the court has found no cases that held that failure to provide bills and receipts for prior losses is grounds for dismissal of a claim.

**5.** Nor would such a request be a sensible one. Assuming, for example, that the receipts were unavailable through no fault of claimants, claimants could, perhaps, substitute other proofs in place of bills and receipts.

Finally, defendants also argue that plaintiffs are not entitled to recover costs, interest and attorney fees. Defendants argue that prejudgment and postjudgment interest awards as well as attorneys fees are not permissible for plaintiffs seeking recovery under the National Flood Insurance Act. Because plaintiffs have failed to file any response to this argument, the court will grant this part of defendants' motion to dismiss.

An appropriate order follows.

### ORDER

AND NOW, this 10th day of August, 2001, upon consideration of defendants' motion to dismiss, or in the alternative, for summary judgment, plaintiffs' response to defendant's motion, and defendants' reply to plaintiffs response, it is hereby ORDERED that defendant's motion to dismiss (doc. no. 7) is GRANTED IN PART and DENIED IN PART. Defendants' motion, in the alternative, for summary judgment is DENIED WITHOUT PREJUDICE.

AND IT IS SO ORDERED.